### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT MISSISSIPPI
### JACKSON DIVISION

MUHAMMAD'S UNIVERSITY OF THE NEW ISLAM/
MUHAMMAD'S TEMPLE and KEVIN MUHAMMAD                    APPELLANT

vs.                                    CIVIL ACTION NO. 3:06CV46WHB-JCS

RANDY MCKEE, CHAPTER 7 TRUSTEE                          APPELLEE

<u>ORDER</u>

On August 25, 2006, this Court issued an Order by which (1)
Appellant Muhammad's University of the New Islam/Muhammad's Temple
was granted thirty days within which to employ private counsel to
represent it in this appeal from the bankruptcy court, and have
such counsel file an appearance in this cause; and (2) Appellant
Kevin Muhammad was granted thirty days within which to employ
private counsel and have such counsel file an appearance in this
cause or, alternatively, to notify the clerk in writing that he
would proceed to represent himself <u>pro</u> <u>se</u> in this appeal.  The
Appellants were notified that a failure to comply with the Order
within the prescribed period of time would result in a dismissal of
their appeal without further notice from the Court.

There is no indication in the record that private counsel has
made an appearance on behalf of Appellant Kevin Muhammad, and he
has not informed the Court of his intention to proceed <u>pro</u> <u>se</u> in
this appeal.  Likewise, private counsel has not made an appearance
on  behalf  of  Appellant  Muhammad's  University  of  the  New

Islam/Muhammad's Temple.   The Court, however, did receive two correspondences, the second of which was construed as a motion, from Mr. Marvin Muhammad.  Mr. Muhammad, who is not an attorney but is the leader of, and agent for, Muhammad's University of the New Islam/Muhammad's Temple, requests that he be allowed to represent this Appellant pro se.  The Court finds that it cannot grant this request.[1]

As explained in its prior Order, a corporation must be represented by a licensed attorney.  Rowland v. California Men's Colony, 506 U.S. 194 (1993).  This has been the law in this country for nearly 200 years.  See Osborn v. Bank of the U.S., 22 U.S. (9 Wheat.) 326, 365-66 (1824) ("A corporation ... can appear only by [an] attorney, while a natural person may appear for himself."); Commercial & Railroad Bank of Vicksburg v. Slocomb, Richards & Co., 39 U.S. (14 Pet.) 60, 65 (1840) (holding that "a corporation cannot appear but by [an] attorney").  The fact that Appellant Muhammad's University of the New Islam/Muhammad's Temple is a not-for profit organization that may not have sufficient funds to hire private counsel does not authorize the Court to disregard this long-standing precedent.  See e.g. Church of the New Testament v. United States, 783 F. 2d 771 (9th Cir. 1986) (finding that an

---

[1]   In support of his Motion, Mr. Muhammad cites to 28 U.S.C. § 1915(a).  While this statute allows certain parties to proceed in a civil action without having to pre-pay fees and costs, it does not provide any basis for allowing a party to proceed pro se.

unincorporated religious organization was obligated to appear in federal court through licensed counsel); <u>Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County</u>, 543 F.2d 32, 33-34 (7th Cir. 1976) (finding that a religious-based, not-for-profit corporation had to be represented by licensed counsel in federal court proceedings); <u>Penguin Books USA, Inc. v. New Christian Church of Full Endeavor, LTD.</u>, No. RWS 96 CIV 4126, 1997 WL 26720, at *1 (S.D.N.Y. Jan 24. 1997) (finding that defendant, a not-for-profit corporation, was not permitted to appear <u>pro</u> <u>se</u> through its president in a federal court lawsuit); <u>Abadian v. IRS</u>, Civ. A. No. 93-886, 1993 WL 547472, at * 2 (D.D.C. Oct. 29, 1993):

> The Court is cognizant of the fact that the [not-for-profit] Institute may not have sufficient money to hire a lawyer. However, consistent with the many courts that have considered whether corporations and other types of organizations can appear through a lay representative, the Court holds that the only proper representative of the Institute is a licensed attorney.

The Court finds, as it instructed the Appellants in its prior Order, that Muhammad's University of the New Islam/Muhammad's Temple must be represented by a licensed attorney in this case. As a licensed attorney has not entered an appearance on behalf of Muhammad's University of the New Islam/Muhammad's Temple in the time period previously prescribed by the Court, and as Muhammad's University of the New Islam/Muhammad's Temple cannot be permitted to appear <u>pro</u> <u>se</u> through its leader/agent, the Court finds that the

above referenced appeal from the bankruptcy court is subject to dismissal without prejudice.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the September 26, 2006, correspondence of Mr. Marvin Muhammad, which has been construed as a Motion for Leave to Represent Muhammad's University of the New Islam/Muhammad's Temple [Docket No. 7] is hereby denied.

IT IS FURTHER ORDERED that this case be dismissed without prejudice to the parties.

IT IS FURTHER ORDERED that the Clerk of Court is directed to place a copy of this Order in the United States Mail addressed to the following:

    Muhammad's University of the New Islam
    5306 Red Lick Road
    Lorman, MS 39096

    Marvin Muhammad
    248 Medgar Evers Boulevard
    Post Office Box 461
    Fayette, Mississippi 39069


    SO ORDERED this the 29th day of September, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE